IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerry Lynn High, ) | |
| ) | CR No. 2:89-cr-0025-MBS |
| Movant, ) | C/A No. 2:16-cv-02415 |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

Jerry Lynn High ("Movant") is a former federal inmate currently on supervised release. On July 5, 2016, Movant, proceeding with counsel, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.[1] ECF No. 76. This matter is before the court on a motion to dismiss filed by Respondent United States of America (the "Government") on February 22, 2018. ECF No. 82. Movant has filed no response to the Government's motion and memorandum.[2]

## I. FACTUAL AND PROCEDURAL HISTORY

On March 9, 1989, a federal grand jury returned a two- Count Superseding Indictment charging movant with knowingly and willfully attempting to possess with intent to distribute

---

[1] It appears that Movant was released from prison on July 29, 2017. However, Movant remains on supervised release. Therefore, Movant remains in custody for the purpose of his § 2255 motion. Maleng v. Cook, 490 U.S. 488, 491 (1989); United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

[2] Movant filed a motion to stay his § 2255 motion on March 8, 2018, pending the United States Supreme Court's decision in Brown v. United States, --- S. Ct. ----, 2018 WL 2877128 (Oct. 15, 2018). The Supreme Court declined to issue a writ of certiorari, so the court denied Movant's motion as moot on December 17, 2018. ECF No. 88.

1

approximately 20 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 846 (Count 1); and knowingly and willfully possessing with intent to distribute approximately 2 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). ECF No. 1 at 1-2. Movant was found guilty of both Counts and was sentenced to 360 months imprisonment on July 24, 1991, to run concurrently with one another and with an unrelated North Carolina sentence. ECF No. 76 at 1. Movant was further sentenced to a term of supervised release of 10 years. ECF No. 82-1 at 1. Movant's § 2255 motion asserts that, following the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ----, 135 S. Ct. 2551 (2015), he should no longer be classified as a career offender, thus bringing his guideline range from 360 months-life to 168-210 months. ECF No. 76 at 2.

## II. DISCUSSION

Movant seeks a correction of his sentence on the basis that he is no longer a career offender because his prior conviction for assault and battery with intent to kill no longer qualifies under the residual clause of the Armed Career Criminal Act of 1984 (ACCA). In Johnson, the Supreme Court addressed the ACCA, which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under the ACCA as codified at 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague.[3]

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines (the "Guidelines"), which define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

In Beckles, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a), and that the Guidelines' residual clause was unconstitutionally vague under Johnson. The Court found, however, that:

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness

Beckles, 137 S. Ct. at 893.

---

[3] The Supreme Court made Johnson retroactive on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016).

Movant was sentenced in 1991 pursuant to the mandatory guidelines scheme pre-Booker. At the time Movant filed his § 2255 motion, the question was whether a result different from Beckles appertains when Johnson is applied to the pre-Booker sentencing guidelines. However, since the filing of the § 2255 motion, the Court of Appeals for the Fourth Circuit has addressed this question. In United States v. Brown, the Fourth Circuit observed that the Supreme Court's ruling in Beckles foreclosed the defendant's argument that Johnson "explicitly invalidated all residual clauses with wording similar to [the] ACCA's invalidated residual clause." 868 F.3d 297, 300 (4th Cir. 2017), cert. denied, --- S. Ct. ----, 2018 WL 2877128 (Oct. 15, 2018). The Fourth Circuit determined that the right recognized in Johnson and made retroactive by Welch applied only to the ACCA's residual clause. The Fourth Circuit explained:

> Johnson only recognized that [the] ACCA's residual clause was unconstitutionally vague[;] it did not touch upon the residual clause at issue here. Likewise, Beckles only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. In a future case, the Supreme Court may agree with an argument similar to [Brown's] that because the challenged residual clause looks like [the] ACCA and operates like [the] ACCA, it is void for vagueness like [the] ACCA.

Brown, 868 F.3d at 303 (internal citations omitted).

Movant was sentenced under the Guidelines, not the ACCA. Accordingly, the court is constrained by the holdings in Beckles and Brown to conclude that Movant's § 2255 claim under Johnson is without merit.

### III.    CONCLUSION

The government's motion to dismiss is granted. Movant's § 2255 motion is denied.

### IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by

4

demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court denies a certificate of appealability.

    **IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
May___14_, 2019